IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIERRA VISTA REGIONAL MEDICAL CENTER, ET AL. | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 3-06-MC-016-L |
| CONSECO SENIOR HEALTH INSURANCE COMPANY | § § | |
| Defendant. | § § § | |

## MEMORANDUM ORDER

Tenet Healthcare Corporation ("Tenet") has filed objections and a motion to quash a Rule

45 subpoena served by Conseco Senior Health Insurance Company ("Conseco") in connection with

a federal lawsuit pending in the Central District of California.  *Sierra Vista Regional Medical*

*Center, et al. v. Conseco Senior Health Ins. Co.*, No. SAC-V05-676 SHS.  The subpoena directs

Tenet, a Dallas-based company who is not a party to the California litigation, to produce a corporate

representative to give testimony on nine discrete issues.  Tenet contends that the subpoena is overly

broad, unduly burdensome, requires the disclosure of trade secrets and other privileged information,

is not reasonably calculated to lead to the discovery of admissible evidence in the underlying action,

and does not allow sufficient time for compliance.  The parties have briefed their respective

positions in separate status reports filed on February 23, 2006,[1] and the motion is ripe for

determination.

---

[1] The court ordered Tenet and Conseco to file a *joint* status report detailing their respective positions regarding the subject matter of this discovery dispute.  *See* Order, 2/15/06 at 2, ¶ 2.  Notwithstanding the clear language of this order, the parties submitted separate status reports.

Fed. R. Civ. P. 45(c) authorizes a court to quash or modify a subpoena if, *inter alia*, the subpoena fails to allow a reasonable time for compliance, requires the disclosure of privileged or other protected matter, or subjects a person to undue burden.  *See* Fed. R. Civ. P. 45(c)(3)(A).  A party seeking such relief must meet the "heavy burden of establishing that compliance with the subpoena would be 'unreasonable and oppressive.'"  *See Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003), *quoting Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998).  Although Tenet raises numerous objections to the Rule 45 subpoena in its original motion, only two arguments are made in the status report:  (1) the discovery sought is not relevant to any of the claims or defenses in the underlying action; and (2) it would be unduly burdensome to comply with the subpoena.  (*See* Tenet Stat. Rep. at 2-3).  With respect to the first issue, the court cannot say that the topics identified in the subpoena are beyond the scope of permissible discovery.  Indeed, Conseco claims that a central issue in the California lawsuit, which was filed by a Tenet hospital to collect insurance payments allegedly owed by Conseco, is whether the charges submitted by the hospital were "customary and reasonable."  (*See* Conseco Stat. Rep. at 4).[2]  The subpoena served on Tenet seeks testimony from a corporate representative relevant to that issue.  Nor has Tenet specifically alleged, much less proved, how it would be unduly burdensome to comply with the subpoena.

For these reasons, Tenet's motion to quash the Rule 45 subpoena is denied.  The parties are directed to confer on a date, time, and place for the deposition of a Tenet representative.  If the parties are unable to agree, the court will schedule the deposition by separate order.

SO ORDERED.

---

[2]  That the parties did not specifically identify this as a contested issue in the Rule 26(f) status report filed in the California action does not preclude Conseco's right to conduct discovery.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is *relevant* to the claim or defense of any party[.]") (emphasis added).

DATED:  February 24, 2006.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE